**SO ORDERED.**
**SIGNED this 8th day of July, 2020**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

/s/ Shelley D. Rucker
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE

In re                                                                                       No. 1:18-bk-10113-SDR
                                                                                            Chapter 11
UNISON ENVIRONMENTAL SERVICES, LLC

    Debtor.

## MEMORANDUM AND ORDER

On January 17, 2020, the Bank of Cleveland filed this pending motion for the appointment of a trustee or in the alternative to convert. [Doc. No. 352]. The basis for the Bank of Cleveland's motion is its allegation that the debtor has materially defaulted under the terms of the chapter 11 plan which was confirmed on November 8, 2019. The court held an evidentiary hearing on the motion on June 30, 2020.

As set forth in the confirmed plan, the debtor has three loans with the Bank of Cleveland, which the bank identified as the "Equipment loan," the "Large loan," and the "Option loan." Under the terms of the agreement between the debtor and the Bank of Cleveland, the debtor was to pay

1

adequate protection payments on the Equipment loan and the Mortgage loan by the 15th day of each month. The debtor was also obligated to pay interest on the Option loan, which was a loan approved by the court for the purchase of optioned property [Doc. No. 273], by the 28th day of each month. Late fees are outstanding on the Option loan, and late fees and the June payment are delinquent on the Large Loan.[1] There are also non-monetary defaults for failing to provide financial information. In April, the Alabama Department of Environmental Management ("ADEM") issued a Cease and Desist Order for multiple failures to correct items that had been noted as problems in the preceding fall. With the assistance of a permitted operator, an environmental lawyer, and a consultant, the debtor obtained the release of the order in early June and is operating again. There remain regulatory issues that could result in the reissuance of another cease and desist order by ADEM.

Upon the objection of the United States Trustee that the terms of 11 U.S.C. § 1104(a) do not allow for appointment of a trustee after confirmation of a plan, the Bank of Cleveland is no longer pursuing relief in the form of a chapter 11 trustee. The Bank seeks only conversion for cause under 11 U.S.C. § 1112(b)(1) and has stated that it does not seek dismissal of this case. The debtor objects to conversion and asks that, if the court finds the status quo should not continue, that the court elect to dismiss rather than convert this case for cause.

During the hearing, Mr. Knox Horner, the debtor's principal, as well as the debtor's counsel, made several statements regarding the debtor's willingness to provide any additional information requested by the bank and its plans to complete the ADEM list of outstanding items that must be corrected in order to remain in regulatory compliance. Mr. Horner stated that he had a proposal to cure the remaining financial defaults, which were primarily late charges on the Option

---

[1] These are the court's findings based on the evidence heard at the June 30 hearing and do not reflect any payments made by the debtor after that date or the stipulation filed by the parties on July 3, 2020. [Doc. No. 413].

and Large loans and the June payments on the Large loan. Most importantly to the court, Mr. Horner stated that he had concluded that the best way to pay all creditors was to sell the landfill.

At the conclusion of the hearing, the bank proposed that, rather than dismissal, the court issue an order to hold the debtor accountable consistent with Mr. Horner's promises to pursue a sale of the landfill, to make plan payments, and to cure the payment arrearages. If there were any further deterioration in the condition of the landfill or its operations, the court could then issue its decision on dismissal or conversion.

The court finds that, given this shift in the parties' positions, a delay in issuing the court's opinion is in the best interests of creditors. The proof offered at trial was that Mr. Horner believed the value of the landfill as a going concern to be above $9,000,000, and the bank believed that the value was closer to $7,000,000, an amount slightly above the bank's balance of approximately $6,900,000. Additional funds may be available due to a plan provision that reduces the bank's balance in the event a payoff is made within eighteen months of confirmation. Successful completion of such a sale would appear to be in the best interest of creditors. Such a path may be the only way that any creditor other than the Bank of Cleveland sees any recovery because both sides agree that the sale of the property without an operating landfill would result in a large deficiency for even the bank as the first lien holder.

For these reasons, the court will defer ruling on the motion to convert or dismiss until August 13, 2020. The motion is hereby continued for hearing on August 13, 2020, at 10:00 a.m. EST to be conducted telephonically in accordance with the instructions on the court's website for participation in telephonic hearings.

During this period, the court will order the debtor to perform the following items, which it has specifically agreed to perform, in order to determine whether the confirmed plan in this case

can be salvaged or whether conversion or dismissal is necessary. Accordingly, it is hereby ORDERED that:

1. The debtor shall provide a marketing plan for the sale of the landfill to the Bank of Cleveland on or before August 6, 2020.

2. No later than July 20, 2020, the debtor shall provide a proposal to cure the existing financial defaults on the plan payments to the Bank of Cleveland, and shall provide a proposal for curing other plan defaults relating to tax payments and the unsecured creditors to the IRS and the U.S. Trustee, respectively.

3. No later than July 20, 2020, the debtor shall deliver to the Bank of Cleveland's counsel the additional financial information requested in the email delivered to the debtor's counsel, Mr. David Fulton, on June 30, 2020.

4. The debtor's consultant, Mr. Terry Kelley, shall be retained to be on-site at the landfill during its hours of operation beginning July 6, 2020, through August 13, 2020. At that time and in the event there are no further material adverse actions taken by ADEM, the court will consider allowing other properly certified operators hired by the debtor to assist Mr. Kelley upon a showing that their employment is in compliance with ADEM rules and regulations.

5. The debtor shall continue to retain the services of Dr. George Hyfantis until the actions required by ADEM cited in its June 17, 2020 trip memo, provided at Doc. No. 403-1, are cured or until August 13, 2020, whichever occurs first.

6. Mr. Horner shall be authorized to take a draw of $11,750 per month payable in two installments to be paid on the 1st and 15th day of each month. Should there be insufficient funds available on the due date, the debtor may defer the payment to Mr. Horner until the following payment is due. The payments shall be designated as draws in the debtor's books and records and

be reflected as "Owner's Withdrawal" on the debtor's profit and loss statements. No other payment may be made to Mr. Horner for his personal or family use from the debtor's business. Neither Mr. Horner nor any member of his family may use the company credit cards, debit cards, ATM cards or any other payment system, such as Zelle, used by the debtor to transfer funds from the company for their personal benefit. Any draw for Mr. Horner or salary for services performed by any family member shall be made by company check. Mr. Horner shall be responsible for informing his family members of this limitation on the use of any company card or payment system.

    7. The debtor's failure to abide by the terms of this order may be used as grounds for the court's consideration of converting this case to Chapter 7.

    8. Should the parties find that there is no need for the court to issue an opinion on the Bank's motion, they should notify Ms. Tanya English that the hearing on August 13, 2020, may be cancelled or continued by agreement.

    It is so ORDERED.

# # #